UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER ADAM CASMIER,<br>a.k.a., CHRIS CASMIER-JACKSON, and<br>WAYNE GARTH,<br><br>Defendant. | 4:22CR020 RWS/SPM |

## INDICTMENT

### COUNT I

The Grand Jury charges that:

At all times pertinent to the charges in this indictment:

1. Federal law defined the term

    (a) "minor" to mean any person under the age of eighteen years (18 U.S.C. § 2256(1));

    (b) "sexually explicit conduct" to mean actual or simulated--

    (i) sexual intercourse, including genital-genital, anal-genital, oral-genital, oral-anal, whether between persons of the same or opposite sex,

    (ii) bestiality,

    (iii) masturbation,

    (iv) sadistic or masochistic abuse, or

    (v) lascivious exhibition of the anus, genitals or pubic area of any person (18 U.S.C. §2256(2)(A));

(c) "computer" to mean an electronic, magnetic, optical, electrochemical or other high speed data processing device performing logical, arithmetic or storage functions, including any data storage facility or communications facility directly related to or operating in conjunction with such device. (18 U.S.C.§ 2256(6));

(d) "child pornography" to mean any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where--

(A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; or

(C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct. (18 U.S.C.§2256(8)).

2. The "Internet" was, and is, a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files.

3. Between on or about June 1, 2018, and on or about December 10, 2020, within the Eastern District of Missouri and elsewhere,

**CHRISTOPHER ADAM CASMIER,
a.k.a., CHRIS CASMIER-JACKSON, and WAYNE GARTH,**

the defendant herein, knowingly received images and videos of child pornography using any means or facility of interstate and foreign commerce, that is, the defendant received graphic image files via the Internet which contained child pornography, including, but not limited to, the following:

a. "(Daddys Girl) – Jessie 12yo Daddy BJ 07.wmv," a graphic video file that depicts, in part, a male inserting his penis into the mouth of a minor female;

b. "VID_20201115_142414_995.mp4," a graphic video file that depicts, in part, a prepubescent minor female engaged in oral sex with a male;

In violation of Title 18, United States Code, Sections 2252A(a)(2).

## COUNT II

The Grand Jury further charges that:

1. The allegations contained in paragraphs one and two of Count I of this Indictment are incorporated by reference as if fully set forth herein.

2. Between on or about June 1, 2018, and on or about December 10, 2020, within the Eastern District of Missouri and elsewhere,

**CHRISTOPHER ADAM CASMIER,**
**a.k.a., CHRIS CASMIER-JACKSON, and WAYNE GARTH,**

the defendant herein, did knowingly possess material that contained images and videos of child pornography that were produced using material that traveled in interstate and foreign commerce, to wit, a Samsung S7 cellular telephone that was produced outside of Missouri, and, therefore, traveled in interstate and foreign commerce, and said cellular telephone contained child pornography, including, but not limited to, the following:

a. "415.jpg," a graphic image file that depicts, in part, a prepubescent minor female in a lascivious display of her genitals;

b. "1024x768_bestfit_226.jpg," a graphic image file that depicts, in part, a prepubescent minor female in a lascivious display of her genitals while an object is being inserted into her vagina;

    c. "204.jpg," a graphic image file that depicts, in part, a prepubescent minor male in a lascivious display of his genitals while a naked prepubescent minor female touches his penis;

In violation of Title 18, United States Code, Section 2252A(a)(5)(B).

## COUNT III

The Grand Jury further charges that:

1. The allegations contained in paragraphs one and two of Count I of this Indictment are incorporated by reference as if fully set forth herein.

2. Between on or about June 1, 2018, and on or about December 10, 2020, within the Eastern District of Missouri and elsewhere,

**CHRISTOPHER ADAM CASMIER,**
**a.k.a., CHRIS CASMIER-JACKSON, and WAYNE GARTH,**

the defendant herein, did knowingly possess, and accessed with the intent to view, images and videos of child pornography in a cloud account, and such images and videos traveled in interstate and foreign commerce, and included, but were not limited to, the following:

    a. "VID-20180719-WA0022.mp4," a graphic video file that depicts, in part, a male engaging in sexual intercourse with a prepubescent minor female;

    b. "2009 Kristin 08.mp4," a graphic video file that depicts, in part, a prepubescent minor performing oral sex on a male;

    c. "cp nina rubia de cabello corto mamando.mp4," a graphic video file that depicts, in part, a prepubescent minor female performing oral sex on a male;

In violation of Title 18, United States Code, Section 2252A(a)(5)(B).

# FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Section 2253, upon conviction of an offense in violation of Title 18, United States Code, Sections 2252A(a)(2) and 2252A(a)(5)(B) as set forth in Counts I through III of the Indictment, the defendant shall forfeit to the United States of America: any visual depiction as described in Sections 2251, 2251A, 2252, 2252A or 2260 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110 of Title 18; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

2. Specific property subject to forfeiture includes, but is not limited to, the following:

   a. Samsung Galaxy S20 cellular telephone;

   b. Samsung Galaxy S7 cellular telephone; and

   c. Samsung Galaxy S10 tablet.

3. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.


_____
FOREPERSON

SAYLER A. FLEMING
United States Attorney


_____
ROBERT F. LIVERGOOD, #35432MO
Assistant United States Attorney